IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

QUEISTON MICHAEL LONG and
CARRIE KELLEY

    Plaintiffs

CASE NO.:

vs.

BLOSSOM TRAIL LLC d/b/a/ Baymont Inns & Suites Florida Mall/Baymont by Wyndham Florida Mall and HARBHAJAN SINGH

    Defendants.
_____/

## COMPLAINT

Plaintiffs, **QUEISTON MICHAEL LONG and CARRIE KELLY**(Hereinafter "Plaintiffs") by and through their undersigned attorneys, file this their Original Complaint against the Defendant, **BLOSSOM TRAIL LLC d/b/a/ Baymont Inns & Suites Florida Mall/Baymont by Wyndham Florida Mall and HARBHAJAN SINGH** (Hereinafter "BLOSSOM TRAIL" or "Defendants" and "SINGH" ) and as grounds therefore would state:

### JURISDICTION AND VENUE

1. This is an action for damages for violation of the Florida Civil Rights Act 760.01 et seq., 760.08, 760.11 et seq; 42 U.S C. §1981 and Title II of the 1964 Civil Rights Act, codified as 42 U.S.C. . §2000(a) et seq, This action is for damages in excess of Fifty Thousand Dollars ($50,000.00), exclusive of interest and costs.

2. Subject matter jurisdiction is properly invoked pursuant to this Court's original, concurrent and pendent jurisdiction pursuant to Article III, section 1 of the U.S. Constitution and 28 U.S.C. §1331, 1332 and 1343.

3. Venue is properly invoked insofar as the unlawful conduct alleged herein occurred in Orlando, Orange County, Florida.

4. Plaintiff, **QUEISTON MICHAEL LONG**, is a Black or African-American male and at all times relevant was a resident of Orlando, Orange County, Florida.

5. Plaintiff, **CARRIE KELLEY** is a Black or African-American female and at all times relevant was a resident of Tampa, Hillsborough County, Florida.

6. At all times material hereto Defendant, **BLOSSOM TRAIL LLC d/b/a/ Baymont Inns & Suites Florida Mall/Baymont by Wyndham Florida Mall** was a Florida company authorized and operating and doing business in the State of Florida. Defendant is a management company engaged in the business of managing places of public establishment and public accommodation and was engaged in the business of providing public accommodation, services and lodging to patrons.

7. At all times material to hereto Defendant, **HARBHAJAN SINGH** was the manager of, employee of or owner of Blossom Trail LLC and actively working at the subject **Baymont Inns & Suites Florida Mall/Baymont by Wyndham Florida Mall** at 8820 S Orange Blossom Trail, Orlando, FL 32809 (hereinafter "Hotel"). The employees of Blossom Trail stated herein were agents, employees or representatives of Blossom Trail LLC acting with the course and scope of their employment. SINGH was also acting in his individual capacity.

8. All conditions precedent to the fling of this lawsuit have been met, satisfied or waived by the Defendant in that charge of discrimination was filed with the FCHR and a "reasonable cause determination" of discrimination was concluded.

## GENERAL ALLEGATIONS

The Plaintiffs reaver and reallege the allegations contained in the jurisdiction and venue section above.

9. From December 14 to December 20, 2020, while staying at the Defendants' hotel at 8820 S Orange Blossom Trail, Orlando, FL 32809, Plaintiffs were subjected to continuous discrimination, racial profiling, unfair treatment and harassment, including being called racial slurs, denied service and ultimately, being retaliated against by Defendant BLOSSOM TRAIL and SINGH by being evicted from the hotel premises, having law enforcement summoned on them, and having their security deposit withheld, after calling Corporate Office of Wyndham Hotels & Resorts to complain of and to lodge a Complaint of discrimination against Defendant(s).

10. On multiple occasions during his stay at Defendant's hotel, Plaintiff LONG was racially profiled, denied services, such as being refused clean towels, being required to empty trash cans, being required to clean room, and was referred to derogatorily as "Boy" on multiple occasions and referred to as "Nigger" by the SINGH and/or the manager on multiple occasions, including in front of others

11. Likewise, Plaintiff KELLEY was denied equal services, such as being refused clean towels, being required to empty trash cans, being required to clean room, and was

referred to as a "Nigger" in front of guests and others and observed, was present, and was humiliated and offended when SINGH referred to LONG as "Boy" and "Nigger" in her presence.

12. After being referred to in the aforementioned racial slurs and epithets and being denied service, Plaintiff LONG contacted the Corporate Office of Wyndham and lodged a complaint against and about the conduct of SINGH, management and staff regarding the discriminatory and unfair treatment, and derogatory epithets and comments that he and KELLY experienced.  In retaliation for LONG'S complaint to Corporate, Defendant and SINGH retaliated against Plaintiffs by refusing to extend their stay at the hotel, refusing to return their security deposit, and the even summoning the police on Plaintiffs and had LONG trespassed when I objected to SINGH'S conduct in the lobby. In fact, SINGH specifically told Plaintiff LONG that he, LONG and KELLEY, were being evicted and would not be extended because LONG lodged a complaint to Corporate alleging discrimination at the hotel.

13. The Defendant, its employees, agents and representatives including SINGH acted willfully and with gross and total disregard for the civil rights of Plaintiffs.   Their racist and discriminatory treatment of Plaintiffs, referring to Plaintiffs in racist and derogatory epithets and terms, and refusal to serve Plaintiffs as well as retaliated against Plaintiffs was done intentionally, maliciously, recklessly and in wanton and callous indifference to the federal protected rights of the Plaintiffs for equal accommodation, service and treatment under the law.   As a result of the conduct of defendant's

employees, agents, managers (including SINGH) and representatives, the Plaintiffs suffered damages.

## COUNT I-42 U.S.C.A. §1981 VIOLATIONS
## (DISCRIMINATION AND RETALIATION)

The Plaintiffs sue the Defendants BLOSSOM TRAIL and SINGH and allege:

14. The Plaintiffs reaver and reallege the allegations contained in paragraphs 1-13 above.

15. The Defendants, BLOSSOM TRAIL and SINGH were operating and managing a place of public establishment and/or place of public accommodation pursuant to and covered under Federal Law.

16. The Plaintiffs are all minorities and persons and are protected under §1981 in that the statute provides in relevant part, "All persons...shall have the same right...to make and enforce contracts...as is enjoyed by white citizens."  A contractual relationship was formed between the Plaintiffs and Defendants upon Defendants' offer to rent or lease Plaintiffs lodging and a hotel room and Plaintiffs acceptance of that offer by paying to stay at the hotel and accepting the lodging. Additionally, Defendants contracted with and offered a contractual relationship with citizens in general by offering a place of public accommodation, but with Plaintiffs specifically by Plaintiff acceptance of that offer to spend money in Defendants' establishment and place of public accommodation and Defendants' acceptance of Plaintiffs' money.

17. That Defendants, BLOSSOM TRAIL and SINGH, violated Florida Statutes 42

U.S.C. §1981 and is therefore liable under the law by failing to provide Plaintiffs and/or other minorities with the full and equal enjoyment of the goods, services, privileges, advantages and accommodation of its establishment upon the formation of the contractual relationship between the Defendant and Plaintiffs, by discriminating against Plaintiffs and/or other minorities by arbitrarily, capriciously and without reason failing to provide equal service to Plaintiffs and/or other minorities based on their race in breach of and in violation of their contractual relationship provided and protected by 42 U.S.C. §1981.

18.   Plaintiffs are both African-American and/or minorities pursuant to 42 U.S.C. §1981 and were subjected to discrimination as set forth in detail in Paragraphs 9-13, because of their race and likewise retaliated against the Plaintiffs as set forth in detail in paragraph 12 because they engaged in protected activity and complained about racist and discriminatory conduct by Blossom Trail and Singh.

19.   As a direct and proximate result of Defendants' violations, Plaintiffs have Suffered damages.

**WHEREFORE,** Plaintiffs demands judgment against Defendants for compensatory damages, costs, attorneys' fees under 42 U.S.C. §1988, punitive damages and demands trial by jury on all issues so triable.

### COUNT II-FCA 760.01 ET SEQ VIOLATIONS.
### (DISCRIMINATION AND RETALIATION)

The Plaintiffs sue the Defendant BLOSSOM TRAIL and allege:

20. The Plaintiffs reaver and reallege the allegations contained in paragraphs 1-13 above.

21. The Defendants, BLOSSOM TRAIL and SINGH were operating and managing a place of public establishment and/or place of public accommodation pursuant to and covered under Florida Law, specifically the FCRA 760.01 et seq.,

22. Florida Statute 760.01 (8) et seq., **Discrimination in places of public Accommodation,** states in pertinent part, "All persons are entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation without discrimination or segregation on the ground of **race**, color, national origin, sex, pregnancy, handicap, familial status, or religion."

23. Plaintiffs are both African-American, Black and/or minorities pursuant to the FCA 760.01 and were subjected to discrimination as set forth in detail in Paragraphs 9-13, because of their race and likewise retaliated against the Plaintiffs as set forth in detail in paragraph 12 because they engaged in protected activity and complained about racist and discriminatory conduct by Blossom Trail and Singh.

24. As a direct and proximate result of Defendants' violations, Plaintiffs have Suffered damages.

**WHEREFORE,** Plaintiffs demands judgment against Defendants for compensatory damages, costs, attorneys' fees under the FCRA 760.01, punitive damages under FCRA 760.01 (11), and demands trial by jury on all issues so triable.

## COUNT III-TITLE II OF THE 1964 CIVIL RIGHTS ACT VIOLATIONS
## (DISCRIMINATION AND RETALIATION)

The Plaintiffs sue the Defendant BLOSSOM TRAIL and allege:

25. The Plaintiffs reaver and reallege the allegations contained in paragraphs 1-13 above.

26. The Defendants, BLOSSOM TRAIL and SINGH were operating and managing a place of public establishment and/or place of public accommodation pursuant to and covered under Federal Law, specifically the Title II of the 1964 Civil Rights Act, codified as 42 U.S.C. . §2000(a) et seq.

27. Title II and 42 U.S.C. §2000(a) **Equal access,** states in pertinent part "All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of **race**, **color,** religion, or national origin.

28. Plaintiffs are both African-American, Black and/or minorities pursuant to Title II and 42 U.S.C. §2000 et seq.  and were subjected to discrimination as set forth in detail in Paragraphs 9-13, because of their race and likewise retaliated against the Plaintiffs as set forth in detail in paragraph 12 because they engaged in protected activity and complained about racist and discriminatory conduct by Blossom Trail and Singh.

29. As a direct and proximate result of Defendants' violations, Plaintiffs have Suffered damages.

**WHEREFORE,** Plaintiffs demands judgment against Defendants for compensatory damages, costs, attorneys' fees under the Title II of the 1964 Civil Rights Act and 42 U.S.C. §2000(a), attorneys' fees under 42 U.S.C. §1988, punitive damages, and demands trial by jury on all issues so triable.

DATED THIS 2nd of September 2021.

<div style="margin-left: 40%;">
S/ Frank T. Allen  
FRANK T. ALLEN, ESQ.  
Florida Bar No. 0033464  
THE ALLEN FIRM  
A Professional Association  
2582 Maguire Rd.,  
Suite 130  
OCOEE, Florida 34761  
Fallen@TheAllenFirmPA.com (email)  
Telephone:    (407) 481-8103  
Attorneys for PLAINTIFFS.
</div>